United States District Court
Southern District of Texas
**ENTERED**
November 12, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDRE OMAR WARREN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-2374 |
| | § | |
| FEDERAL BUREAU AGENCY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

The plaintiff, Andre Omar Warren, filed a pro se Complaint for Violation of Civil Rights in state court against the "Federal Bureau Agency" (Doc. 1-2), alleging a conspiracy to obstruct justice and seeking $18.5 million in damages for the infliction of mental abuse. After Warren served his Complaint on the Federal Bureau of Investigation ("FBI"), the United States removed the lawsuit to this court. This case has been referred for pretrial management under 28 U.S.C. § 636(b) (Doc. 6). Now pending is the "Federal Defendant's Motion to Dismiss" (Doc. 2). Warren has filed an Affidavit in response (Doc. 7), and he elaborated further about his claims at a status conference held on September 18, 2019 (Doc. 14).

After considering all of the pleadings, the transcript of the status conference, and the applicable law, the undersigned recommends that the defendant's motion be granted and that this case be dismissed.

## I. BACKGROUND

Warren is a resident of Houston, Texas, who filed this lawsuit in state court on June 26, 2019. He alleges that the FBI has orchestrated a long-running conspiracy against him, dating back to an incident which resulted in a state court conviction in New Jersey.[1] Following his release from state prison, Warren moved to Florida, where the FBI continued following him. He contends that his roommate in Florida was actually an undercover agent.

Warren moved to Houston to escape from the FBI in December of 2018, and rented an apartment at the Urban Palms Apartments near Gessner Road. When a security guard at the apartment complex noted that his vehicle did not have a Texas registration sticker, Warren parked his 1991 Honda Accord at a nearby First National Bank. Warren claims that his car was stolen by the FBI in April of 2019.

Warren accuses the FBI of engaging in an unlawful conspiracy against him in violation of 18 U.S.C. §§ 241-242, 248-249, and several other provisions of Title 18 of the United States Code (Doc. 1-2, at 3). Warren also alleges violations of "due process with color of law," discrimination, obstruction of justice, and "HIPPA," which the court takes to mean the Health Insurance Portability and Accountability Act ("HIPAA") (Id. at 3, 5). He

---

[1] Warren was convicted of second-degree aggravated assault and other charges in Hunterdon County Cause No. 01-04-0111 in connection with an incident that occurred on August 18, 2000. See State v. Warren, 2006 WL 1410768 (Sup. Ct. N.J. May 24, 2006).

seeks $18.5 million in damages for "psychological abuse" and "mental duress" caused by the FBI's actions. Warren also references the Urban Palms Apartments, the Houston Police Department, and the First National Bank as defendants, although his pleadings do not indicate that these parties were actively involved in any wrongdoing.

Because the FBI is a federal agency, the United States has removed the plaintiff's lawsuit to this court and now moves to dismiss for failure to state a claim (Doc. 2).

## II. STANDARD OF REVIEW

Because Warren proceeds in forma pauperis, the court is required to screen the pleadings and dismiss the complaint, in whole or in part, if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(b). The Supreme Court has held that a complaint filed by a litigant who proceeds in forma pauperis may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 109 S. Ct. 1827, 1831-32 (1989). A claim is factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible[.]" Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a

legal interest which clearly does not exist." Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

To state a claim for which relief may be granted under the federal pleading rules "[a] complaint must be plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Whitaker v. Collier, 862 F.3d 490, 497 (5th Cir. 2017) (internal quotation marks and citations omitted). While it is not necessary for a plaintiff to plead specific facts, he must articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2007) (quoting Twombly, 127 S. Ct. at 1965).

Because Warren is pro se, his allegations are entitled to a liberal construction. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citing Estelle v. Gamble, 97 S. Ct. 285, 292 (1976)); see also Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (noting that allegations in a pro se complaint, however inartfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers). Even under this lenient standard a plaintiff must allege more than "labels and conclusions' or a 'formulaic recitation of the elements of a cause of action[.]" Iqbal, 129 S. Ct. at 1949

(quoting Twombly).

### III. DISCUSSION

The United States argues that Warren has not properly identified the correct party in his complaint, which simply names "Federal Bureau Agency" at One Justice Park Drive (Doc. 2, at 2). Assuming that he intended to name the FBI in a suit for damages under Bivens v. Six Unkown Named Agents of Federal Bureau of Narcotics, 91 S. Ct. 1999 (1971) or the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1), the United States argues that the agency cannot be sued under either theory for actions taken by individual agents, who are not named in this case, and that it is not a proper party (Doc. 2, at 2-3).  Because Warren has not exhausted administrative remedies in any event and lodges only unintelligible allegations, the United States argues further that this case should be dismissed for failure to state a claim (Id. at 4-5).

For all of the reasons asserted in the motion to dismiss, Warren does not articulate a viable claim with an arguable basis in law against the FBI or the United States.  Likewise, to the extent that his allegations can be understood, Warren has no standing to sue for criminal violations and he has no private right of action to bring criminal charges. See Gill v. Texas, 153 F. App'x 261, 262-63 (5th Cir. 2005) (dismissing a civil rights action asserting claims under 18 U.S.C. §§ 241 and 242 as legally frivolous); see

also Chapa v. Adams, 168 F.3d 1036, 1038 (7th Cir. 1999) (observing that criminal statutes do not create personal entitlements or private causes of action). Moreover, conclusory allegations of conspiracy such as those made by Warren, without reference to material facts, cannot otherwise survive a motion to dismiss. See Montgomery v. Walton, 759 F. App'x 312, 314 (5th Cir. 2019)(citing Arsenaux v Roberts, 726 F.2d 1022, 1024 (5th Cir. 1994)).

In addition, after listening to Warren's explanation of his claims and observing his demeanor in person at the status conference on September 18, 2019, the court concludes that his allegations qualify as factually frivolous for purposes of 28 U.S.C. § 1915(e)(2)(B), because his claims consist of "fantastic or delusional scenarios" that do not appear to be plausible. Denton, 112 S. Ct. at 1733 (citations omitted); see also Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999) ("A complaint is factually frivolous when the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless.") (citations and internal quotation marks omitted). The court concludes therefore that this case should be dismissed as both frivolous and for failure to state a claim.

## IV. CONCLUSION

Based on the foregoing, the court recommends that the Federal Defendant's Motion to Dismiss (Doc. 2) be **GRANTED** and that this case be **DISMISSED**.

The Clerk shall send copies of this Memorandum and Recommendation to the plaintiff, who will have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically or the plaintiff may file his in hard copy given his pro se status. Copies of such objections shall be mailed to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** at Houston, Texas, on this 12th day of November, 2019.

_____
U.S. MAGISTRATE JUDGE